RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0310p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

                                                          No. 10-2031
          *v.*

VINCENT WYNN,
          *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-20663-022—Avern Cohn, District Judge.

Decided and Filed: December 15, 2011

Before: MARTIN, SUHRHEINRICH, and COLE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Eric J. Allen, THE LAW OFFICE OF ERIC J. ALLEN, LTD., Columbus, Ohio, for Appellant. Chantale Fiebig, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Vincent Wynn appeals the district court's judgment of conviction and sentence and its order denying his motion to withdraw his guilty plea.

Wynn pleaded guilty to conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956. The district court denied Wynn's motion to withdraw his guilty plea and sentenced him to sixty-three months in prison. On appeal, Wynn argues that

1

the district court erred by refusing to allow him to withdraw his plea and that his trial counsel rendered ineffective assistance.

## I.

"We review the district court's denial of [Wynn's] motion to withdraw his plea for abuse of discretion." *United States v. Benton*, 639 F.3d 723, 726-27 (6th Cir. 2011) (citation omitted). Under Federal Rule of Criminal Procedure 11(d), a defendant may withdraw his guilty plea if he can show a fair and just reason for requesting the withdrawal. *Id.* at 727. When assessing whether the defendant has shown a fair and just reason, we consider the totality of the circumstances, including the following seven factors, *id.* (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)):

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

The district court did not abuse its discretion by refusing to allow Wynn to withdraw his guilty plea, because he failed to demonstrate a fair and just reason for it to do so. As to the first factor, Wynn did not attempt to withdraw his plea until eight months after it was entered, a far longer delay than other plea withdrawals this Court has declined to allow. *See id.* at 727 (finding that a ninety-three day delay weighed against allowing defendant's plea withdrawal, and noting that "[t]his Court has declined to allow plea withdrawal when intervening time periods were as brief as one month"); *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998) (sustaining the denial of defendant's motion to withdraw his guilty plea in part due to four-month delay). Even assuming, as Wynn asserts, that Wynn did not learn of the option to withdraw his plea until January 30, 2010, over two more months passed before he made an attempt to withdraw it. Additionally, Wynn attempted to withdraw his plea only after he did not receive the consideration that he hoped to obtain from the prosecution in exchange for his

cooperation.  *See United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) ("[T]he aim of the rule is . . . not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.") (citation and internal quotation marks omitted).  Thus, we conclude the first, second, and fourth factors weigh heavily against Wynn.

Wynn did not consistently maintain his innocence in his meetings with the prosecution following his guilty plea, which weighs against him in the analysis of the third factor.  Further, he was familiar with the criminal justice system and plea process because he previously pleaded guilty to charges of money laundering and distribution of cocaine, which weighs against him in the analysis of the fifth and sixth factors.  Finally, as to the seventh factor, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal.  Here, because all preceding factors weigh against [Wynn], the government is not required to show that it would be prejudiced by withdrawal of the plea." *Benton*, 639 F.3d at 729 (citation and internal quotation marks omitted).

**II.**

Wynn also argues that his trial counsel performed ineffectively in several ways: (1) counsel failed to seek certain exculpatory evidence; (2) he failed to fully explain the plea agreement to Wynn; (3) he failed to sufficiently advise Wynn regarding the calculation of the amount of money noted in the plea agreement by the government; and (4) he failed to move to dismiss the case on the basis that it was a vindictive prosecution. "[O]rdinarily we will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review of such a claim." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005) (citation omitted). An exception exists, however, when "the record is adequately developed to allow the court to properly assess the merits of the issue." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (citation and internal quotation marks omitted).

The government agrees that the record here is sufficiently developed to allow proper consideration of Wynn's ineffective assistance claims. The district court held a hearing in June 2010 on Wynn's motion to withdraw his guilty plea due to ineffective assistance of counsel, at which time both parties presented evidence on all of the ineffective assistance of counsel issues that form the basis of this appeal. We conclude that there is no need for further factual findings on this matter and we proceed to address the merits of this claim. *See United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999) (finding no need for further factual development of an ineffective assistance of counsel claim where the government did not argue the record was insufficient to decide the issue for the first time on appeal).

"Ineffective assistance under *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] is deficient performance by counsel resulting in prejudice, with performance being measured against an objective standard of reasonableness, under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (citations and internal quotation marks omitted). To show *Strickland* prejudice in the guilty-plea context, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted).

"Under *Strickland*, trial counsel has a duty to investigate his case." *Avery v. Prelesnik*, 548 F.3d 434, 437 (6th Cir. 2008) (quoting *Stewart v. Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2006)) (internal quotation marks omitted). However, Wynn has failed to show that he was prejudiced by counsel's failure to obtain allegedly exculpatory evidence regarding his possession of a particular vehicle and certain corporate documents, because he has not shown a reasonable probability that the evidence would have significantly affected his decision to plead guilty, or even that the evidence was relevant or favorable to him. Because Wynn has failed to demonstrate prejudice, we need not determine whether counsel's actions were unreasonable.

With regard to his claims that counsel did not properly advise him concerning the plea agreement or concerning the calculation of money involved in the laundering scheme, Wynn has failed to show that counsel's actions were unreasonable. A defendant "has a right to be informed about the plea agreement," *Johnson v. Duckworth*, 793 F.2d 898, 901 (7th Cir. 1986), and counsel's "failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel . . . ." *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) (citations omitted). Wynn's counsel informed his client of the plea offer and, as Wynn's attorney testified at the June 2010 hearing, he reviewed the entire plea agreement with Wynn "word for word." Wynn also testified that he understood the terms of the agreement and the consequences of his plea. Wynn has failed to show that his attorney's advice regarding the plea agreement was deficient. Wynn's counsel also testified that he had evaluated the amount involved in the scheme to be well over a million dollars. Therefore, his advice to Wynn to accept the million dollar amount in the plea agreement—rather than risk the possibility of the prosecution claiming a much larger amount at trial—was objectively reasonable. *See Pough v. United States*, 442 F.3d 959, 968 (6th Cir. 2006) (finding that defense counsel did not perform unreasonably by informing defendant of plea offers from the government, coordinating a plea agreement, and obtaining a deal on behalf of defendant). We need not reach the prejudice prong of *Strickland* on these claims because counsel did not perform unreasonably.

Finally, Wynn's claim of ineffective assistance of counsel based on his attorney's failure to move to dismiss the case for prosecutorial vindictiveness fails the prejudice prong of *Strickland*. "[T]o prove a realistic likelihood of vindictiveness, a defendant must demonstrate that the prosecutor has some stake in deterring the petitioner's exercise of his rights, and that the prosecutor's conduct was somehow unreasonable." *United States v. Moon*, 513 F.3d 527, 535 (6th Cir. 2008) (citations and internal quotation marks omitted). Wynn has not shown that the prosecutor's conduct was unreasonable and, thus, he has failed to demonstrate that there exists a reasonable probability that the district court would have granted a motion to dismiss based on prosecutorial vindictiveness had his attorney made such a motion. Therefore, Wynn has not

established *Strickland* prejudice and we need not consider the reasonableness of his counsel's performance as regards this final issue.

## III.

Accordingly, we **AFFIRM** the district court's judgment.