NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0186n.06

No. 13-5473

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|                            |   |
|----------------------------|---|
| LORENZO MALONE,            | ) |
|                            | ) |
|     Petitioner-Appellant, | ) |
|                            | ) |
| v.                         | ) |
|                            | ) |
|                            | ) |
| JAMES FORTNER,             | ) |
|                            | ) |
|     Respondent-Appellee. | ) |

**FILED**
*Mar 10, 2014*
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF
TENNESSEE

BEFORE: NORRIS, COLE, and GIBBONS, Circuit Judges.

PER CURIAM. Lorenzo Malone appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.

A jury found Malone guilty of first-degree felony murder, and the trial court sentenced him to life in prison. The Tennessee Court of Criminal Appeals affirmed the trial court's judgment. *State v. Malone*, No. M2003-02770-CCA-R3-CD, 2005 WL 1521788 (Tenn. Crim. App. June 27, 2005). The Tennessee courts denied Malone's subsequent petition for post-conviction relief.

Malone filed a § 2254 petition, asserting numerous claims, including that his trial counsel rendered ineffective assistance by failing to object to improper remarks that were made by the prosecutor during closing argument. The district court denied Malone's petition, concluding, among other things, that the ineffective-assistance claim lacked merit, was untimely, and was

procedurally defaulted. The court granted a certificate of appealability for several of Malone's claims, including the ineffective-assistance claim.

On appeal, Malone argues that that the district court erred by denying him relief on his ineffective-assistance claim. The respondent argues that Malone's ineffective-assistance claim is procedurally defaulted. We need not address respondent's contention that the claim is procedurally defaulted, however, because the claim is more easily resolved on the merits. *See Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008).

To prevail on an ineffective-assistance claim, a petitioner must demonstrate deficient performance by counsel resulting in prejudice. *United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011). To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Sowell v. Anderson*, 663 F.3d 783, 795 (6th Cir. 2011).

Regardless of the standard of review that we employ, *see Jackson v. Houk,* 687 F.3d 723, 731 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 1243 (2013), Malone cannot demonstrate the requisite prejudice, given the overwhelming evidence of his guilt, including his detailed confession and the fact that police found the murder weapon and victim's belongings at his residence.

Accordingly, we affirm the district court's judgment.