NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0675n.06

No. 14-6537

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TERELL BUFORD,

     Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Oct 05, 2015
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE: KEITH, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Terell Buford pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). After the government informed him that it would not file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, defendant moved to withdraw his guilty plea. The district court denied defendant's motion and sentenced him to 200 months' imprisonment. He appeals the district court's ruling that he did not have a fair and just reason for requesting the plea withdrawal. We affirm.

I.

In response to a tip about drug distribution occurring at defendant's retail business, narcotics detectives with the Rhea County Sheriff's Department executed a search warrant and found a loaded Walther .22 caliber pistol, along with resale amounts of various narcotics.

Defendant admitted the gun was his and that he had been distributing drugs from his store. At the time of his arrest, defendant was acting as a confidential informant for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to "work off" prior state criminal drug charges.

Following his indictment, defendant expressed his willingness to continue to cooperate with law enforcement officials. In his counsel's words, he, "with counsel decided that a course of cooperation with the Government was the best path to take in order to get a favorable outcome pursuant to a [U.S.S.G. §] 5K1.1 motion." Thereafter, defendant entered into a plea agreement, whereby he agreed to plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). However, the plea agreement provided that "[n]o promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case" and that "[a]ny estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to . . . withdraw the defendant's guilty plea[]." The plea agreement also provided that "[a]t the time of sentencing, the United States *may* bring to the Court's attention the nature, extent, and value of the defendant's cooperation so that it may be considered in determining a fair and appropriate sentence under the facts of the case." (Emphasis added.) Moreover, during defendant's plea hearing, defendant denied that "any officer or agent of the government or anyone else promised or suggested that [he] would get some other form of leniency or a lighter sentence by pleading guilty" other than contained in his plea agreement.

Defendant's ability to cooperate with the government and provide "substantial assistance" is at the center of this appeal. In defendant's view, the government deliberately delayed and never intended to utilize defendant's assistance. For these reasons, after reviewing

his presentence report on August 9, 2014, and learning that a § 5K1.1 motion was not forthcoming, defendant's "only remedy . . . was to file the motion to withdraw his plea."

However, defendant waited nearly another month until September 2, 2014—six days before the scheduled sentencing hearing and ninety-eight days after he pleaded guilty—to file his motion. Defendant's arguments below and on appeal are essentially the following: "Had [he] known earlier that the ATF never intended to request the 5K1.1 motion, . . . he would have immediately moved to withdraw his plea[. M]oreover, had he known that the ATF was not interested in his cooperation or that of the 3rd party [allegedly recruited by defendant,] he never would [have] entered into a plea agreement from the start." Also, defendant asserts he learned of problems with the search warrant and indictment meriting constitutional challenge only *after* he pleaded guilty.

After hearing testimony and argument, the district court denied defendant's motion. In so doing, the district court considered the factors set forth in *United States v. Bashara,* 27 F.3d 1174 (6th Cir. 1994), *superseded by guidelines amendment on other grounds*, U.S.S.G. § 3B1.1, and found that all factors either weighed against granting defendant's motion or were neutral. Defendant then improperly moved this court for permission to file an interlocutory appeal prior to entry of final judgment, which we denied for lack of jurisdiction. *United States v. Buford*, No. 14-6379 (6th Cir. Nov. 26, 2014). The district court subsequently sentenced defendant to 200 months' imprisonment. Defendant now appeals, challenging the district court's decision to deny his motion to withdraw his plea.

## II.

We review a district court's decision denying a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Benton*, 639 F.3d 723, 726–27 (6th Cir. 2011). A district

court abuses its discretion when it "relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 644 (6th Cir. 2006).

It is well-established that "[a] defendant has no right to withdraw his guilty plea." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Instead, Federal Rule of Criminal Procedure 11 permits the withdrawal of an accepted guilty plea upon a showing of a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[T]he aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation omitted). In examining this "fair and just reason" standard, we consider the totality of the circumstances, including the following seven factors set forth in *Bashara*:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

27 F.3d at 1181. "The factors are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi,* 94 F.3d 1025, 1027 (6th Cir. 1996). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Haygood,* 549 F.3d 1049, 1052 (6th Cir. 2008) (citation and internal quotation omitted).

III.

Upon evaluation of each *Bashara* factor and the totality of the circumstances, we agree with the district court that defendant did not present a fair and just reason for requesting the withdrawal of his guilty plea.

The district court found that factors one and two—length of delay and reason for the delay—militated against withdrawal. This was not an abuse of discretion. Defendant pleaded guilty on May 27, 2014, and moved to withdraw his plea ninety-eight days later on September 2, 2014. This weighs against defendant as "[w]e have consistently found shorter periods to be excessive." *Martin*, 668 F.3d at 795 (collecting cases, and noting a delay of ninety-five days "weigh[ed] against withdrawal"). Defendant contends the district court should not have held the government's delay in informing him that a § 5K1.1 motion would not be forthcoming against him. In other words, but for the delay between the proffer session on May 2, 2014, and being informed on August 9, 2014, that he could not provide "substantial assistance," he would have moved to withdraw his plea earlier. This reasoning, if it were to stand, "would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *United States v. Hyde*, 520 U.S. 670, 677 (1997). It would incentivize defendants, as here, to challenge their own plea agreements when the *possibility* of a downward departure—as commonly set forth in plea agreements—does not materialize. *See United States v. Wynn*, 663 F.3d 847, 850 (6th Cir. 2011) (timing weighed against defendant who had "attempted to withdraw his plea only after he did not receive the consideration that he hoped to obtain from the prosecution in exchange for his cooperation"). Moreover, defendant did not provide an explanation as to why he waited close to another month after reviewing the presentence report to

move to withdraw his plea. *See Benton*, 639 F.3d at 727 ("This Court has declined to allow plea withdrawal when intervening time periods were as brief as one month.").

Third, defendant has not maintained his innocence. Indeed, he admitted his guilt in open court and in his request to withdraw his plea. This weighs heavily against him. *See United States v. Ellis,* 470 F.3d 275, 280 (6th Cir. 2006) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.") (citation and quotation omitted).

Fourth, the district court found that the circumstances underlying the entry of the guilty plea are at best a neutral factor in this case. Defendant challenges this finding by again highlighting that he entered into the plea agreement only because of his "expectation" and "belief" that a § 5K1.1 motion would be forthcoming. But there is a significant difference between defendant's factually unsupported "belief that his cooperation and assistance *would* result in the filing of a motion by the United States Attorney under U.S.S.G. § 5K1.1" and the conditional "may" language contained within his plea agreement—language to which a magistrate judge found defendant knowingly and voluntarily agreed.

Fifth, the district court found defendant to be "a relatively intelligent defendant" and that his "intelligence or ability to understand what's going on militates against granting the motion." In contesting this finding, defendant again emphasizes post-plea "facts": that in his view, the ATF just did not do anything with his proffered information. He does not, however, take issue with any of the district court's findings that he was able to understand the proceedings. *Martin*, 668 F.3d at 796–97.

Sixth, defendant has *extensive* experience with the criminal justice system, having *twenty-eight* prior convictions. Defendant does not contest this finding weighs against withdrawal.

Finally, given defendant's failure to establish any fair and just reason to withdraw his guilty plea, the government need not establish prejudice. *Ellis*, 470 F.3d at 285–86.

IV.

Additionally, defendant raises an undeveloped issue in his appellate brief. He asserts his attorney discovered—after he pleaded guilty—that the search warrant documents did not comply with Rule 41 of the Tennessee Rules of Criminal Procedure (and the federal analog), and that there was a factual error in his indictment. Accordingly, he argues, the district court violated his due process rights by failing to withdraw his guilty plea so that he could make appropriate constitutional challenges. However, defendant does not explain why this was so, or more importantly, why this constitutes an abuse of discretion. By failing to fully develop this argument, he has therefore abandoned it. *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014).

Moreover, even if we were to consider defendant's claims of error, the district court properly considered and rejected them. We further note two other points of law supporting the district court's reasoning as to his challenge to the search warrants. First, "the general rule [is] that a guilty plea . . . bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975). Second, this court has expressly rejected defendant's import of the "exact copies" requirement of Rule 41 of the Tennessee Rules of Criminal Procedure into the Fourth Amendment. *United States v. Beals*, 698 F.3d 248, 263–66 (6th Cir. 2012).

V.

For these reasons, the district court did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea.