**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0045n.06

Case No. 19-5144

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED**<br>Jan 23, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| MICHAEL LEWIS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; SILER and MURPHY, Circuit Judges.

SILER, Circuit Judge. In November 2017, Michael Lewis pled guilty without a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Four months later at his sentencing hearing, the government sought to prove a cross-reference to aggravated kidnapping, which Lewis contested. The district court found that the cross-reference applied. This finding was likely to result in a substantial increase to Lewis's sentencing guidelines range. Then in July 2018, eight months after pleading guilty but before being sentenced, Lewis indicated that he wanted to withdraw his plea. He submitted a motion to withdraw his plea in October 2018 and asked the district court to hold an evidentiary hearing on his motion. The district court denied his motion and, after another motion from Lewis about the cross-reference, determined that the cross-reference did not apply. The court then sentenced Lewis to 110 months'

imprisonment. Lewis now appeals the denial of his motion to withdraw his plea and for an evidentiary hearing. We AFFIRM.

I.

In 2016, officers with the Memphis Police Department went to Lewis's apartment to arrest him for outstanding warrants. They conducted a consensual search of his apartment and found a Glock pistol under Lewis's bed. Lewis was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On the day trial was to begin, November 1, 2017, Lewis filed a motion to change his plea to guilty. The court scheduled the guilty plea for November 6, but on that day, Lewis changed his mind and decided that he would rather go to trial. The district court set trial for the next day. However, Lewis changed his mind again the next morning and pled guilty without a plea agreement.

Lewis's presentence report (PSR) included a guideline enhancement for a cross-reference to aggravated kidnapping. If the cross-reference applied, Lewis's base offense level would be substantially higher—32 rather than 22. *See* USSG § § 2A4.1(a); 2K2.1(c); 2X1.1. Lewis objected to the PSR, claiming that he did not commit the aggravated kidnapping. So, at the sentencing hearing in March 2018, the government presented proof of the aggravated kidnapping. The kidnapping victim testified that she went to Lewis's apartment where he pulled out a "TEC 9," threatened to shoot her, blocked the door, choked her, and would not let her leave for around an hour. Eventually she was able to escape and called the police. Lewis called several witnesses of his own in an attempt to refute the allegations, but elected not to testify himself. After closing the proof, the district court found that the government had met its burden. Lewis then requested that the proof be reopened so he could testify. The court refused to reopen it. The court noted that

Lewis was "in a difficult place because he chose to contest relevant conduct" which the court concluded "was a frivolous contest which puts at risk his acceptance of responsibility and it means that he has a very substantial base offense level." The court then continued the sentencing hearing to give Lewis more time to prepare his sentencing case.

After several additional continuances requested by Lewis, the sentencing hearing was set to resume on July 13, 2018. But a few days before, Lewis submitted a pro se motion for appointment of new counsel. The court held a hearing on the motion, granted it, and new counsel was appointed on July 12, 2018. At that hearing Lewis, for the first time, indicated that he wanted to withdraw his plea. The court explained that it was not going to consider the request at the hearing, but instead Lewis and his new attorney could file a motion to withdraw his plea and, if he did, the court would consider it.

It was not until October 2018 that Lewis submitted a written motion to withdraw his plea. The motion also requested an evidentiary hearing regarding why he was seeking to withdraw his plea. He argued that he should be allowed to withdraw his plea because: (1) he had wanted a trial throughout the pendency of the case, (2) his prior attorney pressured and coerced him into pleading guilty by guaranteeing that the cross-reference to aggravated kidnapping would not apply, and (3) no reasonable person in his circumstances would have pled guilty or contested that he committed the aggravated kidnapping because, by doing so, the advisory guidelines put his sentence above the statutory maximum sentence. The court denied the motion to withdraw his plea and for an evidentiary hearing.

In January 2019, Lewis submitted a supplemental position on the PSR where he, for the first time, objected to the applicability of the cross-reference to aggravated kidnapping because the firearm used during the aggravated kidnapping (a TEC-9) was different than the firearm he pled

guilty to possessing (a Glock .45). The district court agreed with Lewis that the cross-reference did not apply because the firearms were different. *See* USSG § 2K2.1(c)(1) (requiring that the same firearm as "cited in the offense of conviction" be used during the other criminal conduct for the cross-reference to apply). As a result, the base offense level was 22 rather than 32. Even though the cross-reference was inapplicable, the court determined that a four-level enhancement nonetheless applied because a firearm was used or possessed in connection with another felony offense, the aggravated kidnapping. *See* USSG § 2K2.1(b)(6)(B). In addition, the court only gave Lewis a one-level reduction for acceptance of responsibility because he had sought to withdraw his guilty plea and did not accept responsibility for the aggravated kidnapping. So, with an offense level of 25 and a criminal history category VI, the guideline range was 110 to 137 months, but with a statutory maximum sentence of 120 months. The court sentenced Lewis to 110 months' imprisonment.

## II.

### A.

We review a denial of a motion to withdraw a guilty plea under the abuse-of-discretion standard. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). The defendant has the burden to demonstrate that proper grounds exist for withdrawing his guilty plea. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007).

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). We use a multi-factor balancing test to determine whether to grant a motion to withdraw a guilty plea. *Haygood*, 549 F.3d at 1052. The factors we are to consider are:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). These factors are general and non-exclusive. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam). No one factor is controlling. *Id.* The relevance of each factor will vary depending on the circumstances surrounding the entry of the plea and the motion to withdraw it. *Haygood*, 549 F.3d at 1052.

    (1) <u>The amount of time elapsed between the plea and the motion to withdraw it</u>

The length of time between Lewis's plea and his motion to withdraw it weighs heavily against him. Lewis pled guilty on November 7, 2017, first expressed an intent to withdraw his plea eight months later (July 12, 2018), and moved to withdraw his plea eleven months after his plea (October 4, 2018). We have found much shorter delays to be excessive. *See, e.g.*, *United States v. Cinnamon*, 112 F. App'x 415, 418-19 (6th Cir. 2004) (per curiam) (three months); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five days); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (five weeks). We need not consider whether the three-month delay between Lewis first expressing his desire to withdraw his plea and filing the motion to withdraw it should be included in the delay because this factor weighs heavily against him either way.

Lewis concedes that there was "a considerable time" between his plea and filing the motion to withdraw it, but he contends that the actual date that should be considered is when he asked his attorney to file a motion to withdraw it, which he claims was within "two to three weeks" of

pleading guilty. However, Lewis appeared in court in March 2018 for his sentencing hearing, over four months after pleading guilty, and made no mention of any desire to withdraw his plea. It was not until July 2018—after the district court erroneously determined that the cross-reference to aggravated kidnapping applied—that Lewis first expressed a desire to withdraw his plea. Even if we were to accept "two to three weeks" as the applicable time period, at best it would weigh only slightly in Lewis's favor. *See United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th Cir. Mar. 6, 2009) (finding 30 days between a plea and the motion to withdraw it "at best [] weighs only slightly" in the defendant's favor).

> (2) The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings

For many of the same reasons as the first factor, the second factor also weighs against Lewis. It was not until July 2018, when trying to be appointed new counsel and after participating in the March 2018 sentencing hearing, that Lewis first expressed his desire to withdraw his plea. Most importantly, his seeking to withdraw his plea coincides with the district court's finding that the cross-reference to aggravated kidnapping applied to him, subjecting him to a substantial increase to his sentencing guidelines range. *See United States v. Wynn*, 663 F.3d 847, 850 (6th Cir. 2011) (noting that this factor weighed against a defendant where he attempted to withdraw his plea "only after he did not receive the consideration that he had hoped to obtain from the prosecution in exchange for his cooperation"). And Lewis's explanation to the district court about why he wanted to withdraw his plea largely focused on the cross-reference. Therefore, the failure to move to withdraw his plea at an earlier proceeding—in particular not moving prior to the district court's conclusion at the March 2018 sentencing hearing that the cross-reference was applicable— weighs against him.

(3) <u>Whether the defendant has asserted or maintained his innocence</u>

"Whether the movant has asserted his legal innocence is an important factor to be weighed." *Spencer*, 836 F.2d at 238 (citation omitted). Lewis has not maintained his innocence and instead has steadfastly maintained that he is guilty. In his motion to withdraw his plea before the district court, and in his brief to this court, Lewis pointedly does not assert his innocence. So, this factor too weighs against Lewis.

(4) <u>The circumstances underlying the entry of the guilty plea</u>

Lewis contends that the circumstances underlying the entry of his plea favors him because, at the time he pled guilty, his case had been "pending for some time" and the record reflects he was "vacillating in his decision." But a defendant's statements at a plea hearing are regarded as conclusive as to truth and accuracy "in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *Cinnamon*, 112 F. App'x at 419 (quoting *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988)). And a defendant is "bound by his statements made at the plea hearing that he was not threatened or forced in any way to plead guilty." *Id.* (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). At his plea hearing, Lewis said he understood what was going on, that he was thinking clearly, and that the medications he was prescribed were working. He explained that he decided to plead guilty after reviewing *Jencks* material regarding his case and that the best decision for him was to plead guilty. His stated reasons for pleading guilty indicate a considered decision made after weighing the costs and benefits. Lewis has not provided a "believable, valid reason justifying a departure" from the truth of these statements. *Id.*

Lewis also contends that he should be able to withdraw his plea because the "entry of the plea was clearly based on erroneous advice" and that, had he been given accurate advice, "he may

have elected to not challenge the relevant conduct at issue" and thus be eligible for the full reduction for acceptance of responsibility. Although the government urges us to treat this as an ineffective assistance of counsel claim and not consider it, we decline to do so and instead construe Lewis's contention to be that the alleged erroneous advice he received constitutes a fair and just reason for withdrawing from the plea. *See id.* at 419 n.5 (distinguishing between attorney misadvice as an ineffective assistance of counsel claim and as a basis to withdraw from a guilty plea). "[T]he mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement." *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990). During the plea colloquy, the district court explained to Lewis that anything his attorney told him about how the sentencing guidelines might apply in his case was just "his best estimate as a very experienced trial lawyer; but nobody knows." The court went on to explain that "I couldn't tell you today; and [your attorney] couldn't tell you today because, until we get the [PSR], we don't know everything." Lewis acknowledged that he understood this. The district court also explained that the government could "present proof at the sentencing hearing that would enhance [Lewis's] sentence, that would make for a longer period of time in prison based on the guidelines," and that would be determined at the sentencing hearing. The district court further clarified that Lewis was pleading guilty to possessing the firearm on June 22 (when the firearm was seized) and not to possessing it on June 18 (the day of the aggravated kidnapping). But the district court addressed the potential impact of the aggravated kidnapping on his sentence:

> We haven't gotten anything before us about June 18th. That does not mean that the Government can't present proof at your sentencing hearing about things that might have occurred on June 18 and the Court can then find those facts by a preponderance of the evidence, in other words, more likely than not and those could still affect your sentence.

Lewis acknowledged that he understood this. Any alleged erroneous advice Lewis received from his attorney "was cured by the court's advice at the plea hearing." *Cinnamon*, 112 F. App'x at 419.

(5) The defendant's nature and background

Lewis argues that his nature and background favors him because of his history of mental health issues and limited intellectual capacity. The district court found that this factor weighed against withdrawal because Lewis said that his medication was working, he displayed an understanding at the plea hearing of the costs and benefits of his options, indicated reservations about pleading guilty, and ultimately concluded that pleading guilty was in his best interest. The district court found that Lewis demonstrated the ability to "understand the competing factors implicated by pleading guilty [which] shows that he was competent and capable of entering an informed plea." *See United States v. Ellis*, 470 F.3d 275, 285 (6th Cir. 2006) (noting that the defendant's understanding "what he was doing when he entered the guilty plea" weighs in favor of denying the motion to withdrawal). So, this factor weighs against Lewis.

(6) The degree to which the defendant has had prior experience with the criminal justice system

Lewis contends that, despite having prior experience with the criminal justice system and having pled guilty multiple times, this factor should nonetheless weigh in his favor because he has only dealt with the state criminal justice system and he "has no prior experience with such complicated matter[s] as 'cross references' to advisory guidelines under the federal sentencing law." Although Lewis may not be an expert on the United States Sentencing Guidelines, he was nevertheless sufficiently familiar with the criminal justice system and the plea process such that this factor does not weigh in his favor. *See Wynn*, 663 F.3d at 850 (finding that a defendant was "familiar with the criminal justice system and plea process because he had previously pleaded

guilty to charges"); *see also United States v. Brown*, 752 F. App'x 309, 315 (6th Cir. 2018) (rejecting the defendant's argument that, because his criminal history is exclusively in the state system, this factor weighs in his favor).

(7) <u>Potential prejudice to the government if the motion to withdraw is granted</u>

The government need not establish prejudice that would result from a plea withdrawal "unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Spencer*, 836 F.2d at 240. Because the first six factors uniformly weigh against Lewis, he has not established a "fair and just reason" for requesting to withdraw his guilty plea. Therefore, after reviewing the factors, we hold that the district court did not abuse its discretion in denying Lewis's motion to withdraw his plea.

B.

Lewis also contends that the district court abused its discretion in denying his request for an evidentiary hearing on his motion to withdraw his plea. The denial of an evidentiary hearing to evaluate the merits of a motion to withdraw a guilty plea is within the "wide discretion of the district court" and is reviewed for an abuse of discretion. *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009). Lewis asserts four areas where an evidentiary hearing would have been helpful: (1) to develop evidence about the "bad advice" he received from his attorney regarding the applicability of the cross-reference, (2) to develop evidence that he sought to have his attorney withdraw his guilty plea two or three weeks after it was entered, (3) to "show his condition and his thought process" during the period of the plea, and (4) to challenge the government's argument that it would be potentially prejudiced if he were allowed to withdraw.

An evidentiary hearing on these topics would not have been helpful to the district court because these areas were already sufficiently developed or are irrelevant. First, "an attorney

incorrectly estimat[ing] the sentence a defendant is likely to receive is not a fair and just reason to allow withdrawal of a plea agreement." *Stephens*, 906 F.2d at 253 (internal quotation marks and citation omitted). The district court explained, and Lewis acknowledged that he understood, that nobody, including his attorney, could know what his sentence would be at the time he pled guilty. Second, even if Lewis sought to have his attorney withdraw his plea "two to three weeks" after pleading guilty, that would still not overcome the other factors, in particular that he did not seek to withdraw his plea prior to or during the March sentencing hearing. *See Evans*, 406 F. App'x at 947-48, 950-51; *Jannuzzi*, 2009 WL 579331, at *3. Third, Lewis explained his thought process at the plea hearing regarding why he was pleading guilty and has not provided any basis for disturbing that explanation. *See Cinnamon*, 112 F. App'x at 419; *Ellis*, 470 F.3d at 285. And finally, whether there would be any prejudice to the government is irrelevant since Lewis has not established a fair and just reason for allowing him to withdraw. *See Spencer*, 836 F.2d at 240.

## III.

For the reasons set forth above we find no abuse of discretion in the district court's denial of Lewis's motion to withdraw his plea or denial of an evidentiary hearing.

AFFIRMED.