**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0110n.06

Case No. 19-1507

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Feb 20, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOEL CORONADO-TURUA, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUTTON, McKEAGUE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Joel Coronado-Turua pled guilty to conspiracy to distribute seven kilograms of cocaine under 21 U.S.C. §§ 841(a)(1) & 846. In the plea agreement, Coronado-Turua and the government agreed to a guideline range of 70 to 87 months, but they also agreed that, if the district court found that Coronado-Turua had a higher guideline range based on his criminal history, then the higher guideline range would become the agreed range. Although Coronado-Turua was facing a mandatory minimum sentence of ten years, *Id.* § 841(b)(1)(A)(ii)(II), the parties believed that he would qualify for a sentence "without regard to any statutory minimum sentence" under 18 U.S.C. § 3553(f), often referred to as the safety valve, *see, e.g.*, *United States v. Branch*, 537 F.3d 582, 586 (6th Cir. 2008). Unfortunately for Coronado-Turua, the district court found that he had a prior conviction that the parties were not

aware of prior to making the plea agreement. The district court found that, with that conviction, the safety valve would not apply to Coronado-Turua, and his attorney agreed. The district court sentenced Coronado-Turua to the mandatory minimum of 120 months without objection from the government.

In this direct appeal, Coronado-Turua alleges ineffective assistance of counsel,[1] arguing that his counsel (1) should have discovered the prior conviction before negotiating the plea and (2) should have argued that the safety valve still applied to Coronado-Turua based on the plain language of the statute.

To show ineffective assistance of counsel, a defendant must show (1) deficient performance by the attorney and (2) prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has noted that, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Following that reasoning, our Court "ordinarily [] will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review of such a claim." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005).

We do, however, allow for an exception to this rule "for cases in which the record is adequately developed to allow the court to properly assess the merits of the issue." *United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999). Typically, these cases involve pure questions of law, *see, e.g.*, *United States v. Burgess*, 142 F. App'x 232, 240 (6th Cir. 2005) (determining an

---

[1] Although the plea agreement contains an appellate waiver, it does not bar an ineffective assistance of counsel claim.

ineffective assistance claim on direct appeal "as a matter of law"); a fully developed record, *see, e.g.*, *United States v. Wynn*, 663 F.3d 847, 850-51 (6th Cir. 2011) (noting that the district court had previously held a hearing on ineffective assistance of counsel); or a simple decision where proof of deficient performance of prejudice was absent from the record, *see, e.g.*, *United States v. Geedi*, 490 F. App'x 755, 760-61 (6th Cir. 2012) (finding no merit to defendant's claims of prejudice on direct appeal).

Coronado-Turua's case does not meet this exception. At this point, we are missing information about the communications between Coronado-Turua and his counsel regarding the plea agreement and his criminal history. *See United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005) (refusing to hear an ineffective assistance of counsel claim without more information about the communications between defendant and his counsel regarding a plea agreement). There is also the question of prejudice and whether Coronado-Turua would have refused the plea agreement even if he knew he was going to get a 120-month sentence. Finally, on appeal, Coronado-Turua makes a novel argument regarding the safety valve's applicability to him; further briefing on that issue will only serve to help this Court make a decision in the post-conviction proceedings. As such, we find it appropriate to follow the general rule and decline to address the merits of Coronado-Turua's ineffective assistance of counsel claim on direct appeal.

For the foregoing reasons, we **AFFIRM** Coronado-Turua's conviction and sentence.