WILBUR, Justice.
[¶ 1.] Tammy Kvasnicka was convicted by a jury of first-degree manslaughter by means of a dangerous weapon, vehicular homicide, vehicular battery, and driving under the influence (DUI). Kvasnicka was acquitted of two charges of first-degree manslaughter while engaged in the commission of a felony. In her appeal to this Court, Kvasnicka argues that the language “while engaged in the commission of a felony” was prejudicial when referring to the charge of DUI in a first-degree manslaughter trial. Kvasnicka also argues that the trial court abused its discretion in overruling her objections to the admissibility of Officer Brian Crozier’s testimony.
FACTS AND PROCEDURAL BACKGROUND
[¶ 2.] On July 9, 2010, Kvasnicka celebrated her birthday by having several alcoholic drinks at a friend’s house and at downtown bars in Sioux Falls, South Dakota. In the early morning hours on July 10, Kvasnicka left the downtown area in her Dodge Intrepid.
[¶ 8.] At approximately 2:00 a.m., Kvasnicka was traveling southbound in the northbound lane on Interstate 229 when she struck a vehicle carrying five people. The front seat passenger suffered a serious injury to his arm and a back seat passenger died at the scene. Kvasnicka was not seriously injured in the collision.
[¶ 4.] At the hospital, Kvasnicka was read her Miranda rights and placed under arrest. Her blood was drawn at 3:44 a.m., which reflected a blood alcohol content between 0.225 and 0.219. Following a second drawing at 4:47 a.m., Kvasnicka’s blood alcohol content was between 0.204 and 0.200.
[¶ 5.] On the evening of July 10, Kvasnicka was questioned at the Sioux Falls Police Department. After being read her Miranda rights, Kvasnicka admitted that on the previous evening she consumed several alcoholic drinks and smoked marijuana prior to the collision.
[¶ 6.] A grand jury indicted Kvasnicka with seven counts: count one — manslaughter in the first-degree while engaged in the commission of a felony, driving while under the influence of alcohol, class C felony, in violation of SDCL 22-16-15(1); count two — manslaughter while engaged in the commission of a felony, driving while having .08 percent or more by weight of alcohol in the blood, class C felony, in violation of SDCL 22-16-15(1); count three — manslaughter in the first-degree by means of a dangerous weapon, class C felony, in violation of SDCL 22-16-15(8); count four— vehicular homicide, class 3 felony, in violation of SDCL 22-16-41; count five — vehicular battery, class 4 felony, in violation of SDCL 22-18-36; count six — driving while under the influence of any alcoholic beverage, marijuana, or any controlled drug or substance, class 1 misdemeanor, in violation of SDCL 32-23-1; count seven — driving while having .08 percent or more by *126 weight of alcohol in the blood, class 1 misdemeanor, in violation of SDCL 32-23-1. The State also filed two part II infor-mations because Kvasnicka had been previously convicted in 2006 of two DUI charges and one second-degree burglary charge.
[¶ 7.] Kvasnicka filed a motion to dismiss counts one and two on the grounds that DUI is not a felony offense as required by SDCL 22-16-15(1). Kvasnicka also sought to dismiss count three on the basis that an automobile should not be considered a dangerous weapon for purposes of SDCL 22-16-15(3). The motions were denied.
[¶8.] Prior to trial, Kvasnicka again moved to dismiss counts one, two, and three predicated upon the same grounds as her previous motion. The trial court denied the motion but granted Kvasnicka a standing objection as to those counts. The case proceeded to a jury trial.
[¶ 9.] At trial, the State offered the expert testimony of Officer Crozier, who was trained in accident reconstruction.[1] Before Officer Crozier was allowed to testify further, Kvasnicka objected to his testimony. A bench conference was held. Kvasnicka objected to Officer Crozier’s kinetic energy testimony on the grounds of foundation and relevancy.
[¶ 10.] The trial court found that Officer Crozier’s testimony was relevant because it provided information to the jury to demonstrate the force of the impact and to show that Kvasnicka’s Dodge Intrepid was being used as a dangerous weapon at the time of the collision. As to foundation, the trial court found that Officer Crozier “did provide quite a bit of information about his education and background in accident reconstruction, as well as teaching crash investigations at the police academy in Pierre.” [2]
[¶ 11.] Following voir dire of Officer Crozier, Kvasnicka again objected to the testimony on the grounds of relevance, foundation, and prejudice. The trial court overruled Kvasnicka’s relevancy objection incorporating its previous ruling. Further, the court determined that “the officer has clearly articulated the basis for his calculations and he also articulated that he found the[ ] other references — Jerry Rice, the crossbow and the firearm — to be comparison tools, so [the court] will allow the testimony.”[3] In front of the jury, Officer Crozier opined that the kinetic energy of a 2001 Dodge Intrepid traveling at 65 miles per hour would be 436,583 foot-pounds and that it would take the simultaneous firing of nine-hundred-two 40-caliber dock pistols at the same target to achieve the same amount of kinetic energy that Kvasnicka’s *127 Dodge Intrepid would exert at 65 miles per hour.
[¶ 12.] At the close of evidence, Kvasn-icka moved for judgment of acquittal relying on the same arguments she made in her motions to dismiss. See supra ¶¶ 7-8. The trial court denied her motion based on its previous rationale as to the motions to dismiss. The case was then submitted to the jury.
[¶ 13.] During jury deliberations, the jury presented four questions to the trial court. Three of the questions related to whether a DUI charge is a felony. Specifically, the jurors asked, “Is it a felony to drive under the influence?” The second question was “Is it a felony to drive while having a blood alcohol level of a .08 or higher?” The jurors also asked “Is a DWI that results in a death a felony?”
[¶ 14.] After arguing that the juror’s questions demonstrated confusion as to whether or not the DUI was a felony, Kvasnicka moved for mistrial. The trial court denied the motion for mistrial relying on her rationales from Kvasnicka’s previous motions to dismiss and motion for judgment of acquittal. Following this ruling, the court advised the jury to read the instructions as a whole and rely upon the instructions as provided. Neither the State nor Kvasnicka objected to this instruction.
[¶ 15.] The jury found Kvasnicka not guilty of the two counts of manslaughter in the first-degree while engaged in the commission of a felony and guilty of manslaughter in the first-degree by means of a dangerous weapon, vehicular homicide, vehicular battery, and DUI. She admitted to both part II informations. Kvasnicka was sentenced to 70 years in prison with 18 years suspended on the manslaughter in the first-degree by means of a dangerous weapon charge. She was also sentenced to 25 years in prison for vehicular homicide, 15 years for vehicular battery, and 2 years for felony DUI, all to run concurrent with the manslaughter charge.[4]
[¶ 16.] Kvasnicka appeals and raises the following issues:
1. Whether the language “while engaged in the commission of a felony” under SDCL 22-16-15(1) is prejudicial when referring to the crime of driving under the influence.
2. Whether the trial court abused its discretion in admitting the expert testimony of Officer Brian Crozier regarding the kinetic energy of Kvasnicka’s vehicle.
STANDARD OF REVIEW
[¶ 17.] This Court reviews “the trial court’s denial of a motion to dismiss under an abuse of discretion standard.” State v. Miranda, 2009 S.D. 105, ¶ 14, 776 N.W.2d 77, 81 (quoting State v. Williams, 2008 S.D. 29, ¶ 23, 748 N.W.2d 435, 442). Additionally, this Court reviews the trial court’s “denial of a motion for mistrial under the abuse of discretion standard.” State v. Dillon, 2010 S.D. 72, ¶ 28, 788 N.W.2d 360, 369. “We will affirm a trial court’s denial of a mistrial unless we find abuse of discretion resulting in clear prejudice.” Id. “Error is prejudicial when, in all probability ... it produced some effect upon the final result and affected rights of the party assigning it.” Id. (quoting State v. Fool Bull, 2009 S.D. 36, ¶ 34, 766 N.W.2d 159, 167). Abuse of discretion is defined as “a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full *128 consideration, is arbitrary or unreasonable.” State v. Lemler, 2009 S.D. 86, ¶ 40, 774 N.W.2d 272, 286 (quoting Burley v. Kytec Innovative Sports Equip., Inc., 2007 S.D. 82, ¶ 12, 737 N.W.2d 397, 402).
[¶ 18.] Additionally, “the trial court has broad discretion concerning the qualification of experts and the admission of expert testimony.” State v. Running Bird, 2002 S.D. 86, ¶ 38, 649 N.W.2d 609, 617 (quoting State v. Logue, 372 N.W.2d 151, 156 (S.D.1985)). “We review a trial court’s ‘decision to admit or deny an expert’s testimony under the abuse of discretion standard.’ ” Lemler, 2009 S.D. 86, ¶ 18, 774 N.W.2d at 278 (quoting Burley, 2007 S.D. 82, ¶ 12, 737 N.W.2d at 402). “This [C]ourt has consistently held that the trial judge has the discretionary power to determine whether a witness is an expert witness. As such, [her] ruling will not be disturbed unless there is no evidence that the witness had the qualifications of an expert or the trial court has proceeded upon erroneous standards.” State v. Fisher, 2011 S.D. 74, ¶ 42, 805 N.W.2d 571, 580 (quoting State v. Edmundson, 379 N.W.2d 835, 839 (S.D.1985)).
[f 19.] Lastly, a trial court’s evi-dentiary rulings are reviewed under an abuse of discretion standard. State v. Roach, 2012 S.D. 91, ¶ 37, 825 N.W.2d 258, 268. “[0]ur review requires a two-step process; first, to determine whether the trial court abused its discretion in making an evidentiary ruling; and second, whether this error was a prejudicial error that ‘in all probability’ affected the jury’s conclusion.” Supreme Pork, Inc. v. Master Blaster, Inc., 2009 S.D. 20, ¶ 59, 764 N.W.2d 474, 491.
ANALYSIS AND DECISION
[¶ 20.] 1. Whether the language “while engaged in the commission of a felony” under SDCL 22-16-15(1) is prejudicial when referring to the crime of driving under the influence.
[¶ 21.] Kvasnicka argues that the language “while engaged in the commission of a felony” was prejudicial when referring to the crime of driving under the influence. In arguing her motions to dismiss, Kvasnicka asserted that the language of the indictment, specifically “while engaged in the commission of a felony,” improperly inferred the existence of Kvasnicka’s prior DUI convictions. She further contends that the jury’s questions as to whether or not the DUI was a felony were evidence of the prejudice.
[¶ 22.] The State initially argues that, because the jury convicted Kvasnicka on counts other than the counts containing the language “while engaged in the commission of a felony,” Kvasnicka’s argument is moot. In the alternative, the State contends that the trial court was within its discretion to deny Kvasnicka’s motions to dismiss and motion for mistrial because the felony DUI could be used as the predicate felony under SDCL 22-16-15(1) and SDCL 22-16-4(2). Based on a plain reading of SDCL 22-16-15(1) and SDCL 22-16-4(2), the State contends that the Legislature has not excluded felony DUI as the predicate offense for first-degree manslaughter.
[¶23.] Initially, this Court must address the State’s contention that, because the jury convicted Kvasnicka on counts other than the counts containing the language “while engaged in the commission of a felony,” Kvasnicka’s argument is moot. The State cites State v. Clothier to support its proposition that Kvasnicka’s argument is moot. 381 N.W.2d 253, 258-59 (S.D.1986) (determining that Clothier’s arguments as to the first-degree murder charge were moot when the jury did not find him guilty on the charge but instead *129 found him guilty of first-degree manslaughter). “It is a fundamental principle of our jurisprudence that courts do not adjudicate issues that are not actually before them in the form of cases and controversies.” Moeller v. Weber, 2004 S.D. 110, ¶ 45, 689 N.W.2d 1,16.
[¶ 24.] The jury found Kvasnicka guilty of first-degree manslaughter by means of a dangerous weapon, vehicular homicide, vehicular battery, and driving under the influence. Kvasnicka was acquitted of the charges containing the language “while engaged in the commission of a felony.” Thus, Kvasnicka’s argument that the language “while engaged in the commission of a felony” was prejudicial when referring to the crime of driving under the influence is moot because the jury acquitted her on those counts. We decline to address an issue that is not before us in the form of a case or controversy.
[¶ 25.] 2. Whether the trial court abused its discretion in admitting the expert testimony of Officer Brian Crozier regarding the kinetic energy of Kvasnicka’s vehicle.
[¶ 26.] Kvasnicka argues that the trial court abused its discretion in admitting Officer Crozier’s expert testimony. She challenges Officer Crozier’s expertise to testify about kinetic energy and the foundation upon which he based his opinions. Additionally, Kvasnicka asserts that his testimony was not relevant because the kinetic force generated by a vehicle traveling at 65 miles per hour had no bearing on any elements of the crimes listed in the indictment. Lastly, Kvasnicka argues that Officer Crozier’s testimony, even if relevant, was unfairly prejudicial because the State compared an inherently dangerous weapon, a 40-caliber Glock pistol, to Kvasnicka’s vehicle, an object whose intended use is not inherently dangerous.
[¶ 27.] SDCL 19-15-2 (Rule 702) governs the admissibility of expert testimony.[5] This Court has stated on previous occasions that,
[u]nder this rule, before a witness can testify as an expert, that witness must be qualified. Furthermore, under Dau-bert, the proponent offering expert testimony must show that the expert’s theory or method qualifies as scientific, technical, or specialized knowledge as required under Rule 702. Before admitting expert testimony, a court must first determine that such qualified testimony is relevant and based on a reliable foundation. The burden of demonstrating that the testimony is competent, relevant, and reliable rests with the proponent of the testimony. The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence.
Burley, 2007 S.D. 82, ¶ 13, 737 N.W.2d at 402-03 (internal citations and quotation marks omitted). “Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, ex *130 perience, or education with the subject matter of the witness’s testimony.” Fisher, 2011 S.D. 74, ¶ 41, 805 N.W.2d at 580 (quoting Lemler, 2009 S.D. 86, ¶ 18, 774 N.W.2d at 278).
[¶ 28.] The record demonstrates Officer Crozier was trained in accident reconstruction and performed a kinetic energy calculation using the weight of a 2001 Dodge Intrepid and the speed limit of 65 miles per hour. In doing so, he used a kinetic energy formula that is well-recognized in the accident reconstruction community and concluded the kinetic energy of a 2001 Dodge Intrepid traveling at 65 miles per hour was 436,583.33 foot-pounds. Thus, the trial court did not abuse its discretion in qualifying Officer Crozier as an expert.
[¶ 29.] Relevant evidence is defined as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” SDCL 19-12-1 (Rule 401). “Evidence which is not relevant is not admissible.” SDCL 19-12-2 (Rule 402). And if evidence, which is not relevant, is erroneously admitted, the appellant must show that the admission of the evidence was prejudicial error. Supreme Pork, Inc., 2009 S.D. 20, ¶ 58, 764 N.W.2d at 491. “To show such prejudicial error an appellant must establish affirmatively from the record that under the evidence the jury might and probably would have returned a different verdict if the alleged error had not occurred.” Id. (quoting Sander v. Geib, Elston, Frost Prof'l Ass’n, 506 N.W.2d 107, 113 (S.D.1993)).
[¶ 30.] Here, the State was required to prove that Kvasnicka used her vehicle as a dangerous weapon. See SDCL 22-16-15(3). A “[d]angerous weapon” or “deadly weapon” is defined as “any firearm, stun gun, knife or device, instrument, material or substance, whether animate or inanimate, which is calculated or designed to inflict death or serious bodily harm, or by the manner in which it is used is likely to inflict death or serious bodily harm[.]” SDCL 22-1-2(10). Therefore, although a vehicle is not inherently designed to inflict death or serious bodily harm, if it is used in a manner that is likely to inflict death or serious bodily harm, “it constitutes a dangerous weapon^]” See State v. Seidschlaw, 304 N.W.2d 102, 105 (S.D.1981).
[¶ 31.] Officer Crozier’s testimony was not relevant because neither the kinetic energy calculation nor the pistol comparison related to the manner in which Kvasn-icka drove her vehicle. Officer Crozier merely used the weight of a Dodge Intrepid and the speed limit of 65 miles per hour to reach his opinion. In fact, using Officer Crozier’s calculation and comparison, any person driving a 2001 Dodge Intrepid at 65 miles per hour on Interstate 229 would be accumulating the same kinetic energy as the simultaneous firing of nine-hundred-two 40-caliber Glock pistols.
[¶ 32.] Further, despite the trial court’s ruling that Officer Crozier’s opinion would “give the jury some information about the force perhaps of impact[,]” Officer Crozier did not testify as to any force of impact. Indeed, he explained that because of the angle of impact, he was unable to reconstruct the accident to determine the speed of Kvasnicka’s vehicle. Rather, Officer Crozier informed the jury about the kinetic energy of Kvasnicka’s vehicle traveling as any 2001 Dodge Intrepid would at 65 miles per hour. Yet, Officer Crozier was then able to portray Kvasnicka’s use of her vehicle in the same way as nine-hundred-two people firing 40-caliber Glock pistols at the same time. Neither the kinetic energy calculation nor *131 the pistol comparison was relevant because the evidence did not make it more probable or likely that Kvasnicka was using her vehicle as a dangerous weapon. Moreover, it could be interpreted that the State, in its closing argument, conceded the questionable relevance of the pistol comparison testimony by advising the jury that they did not need to consider that testimony in deciding whether Kvasnicka was driving her vehicle in a dangerous manner. Thus, the trial court abused its discretion in concluding that Officer Crozier’s testimony was relevant.
[¶ 38.] Additionally, the record demonstrates that, if the admission of this evidence had not occurred, the jury might and probably would have returned a different verdict. Officer Crozier’s testimony was not specific to the manner in which Kvasnicka drove her vehicle. Officer Crozier testified that he used 65 miles per hour in his calculation based on the speed limit of that section of Interstate 229. This speed was not based upon actual information about Kvasnicka’s speed.
[¶ 34.] Even though his calculation was not specific to the manner in which Kvasn-icka drove her vehicle, Officer Crozier was then allowed to portray Kvasnicka’s use of her vehicle in the same way as the simultaneous firing of nine-hundred-two 40-cali-ber Glock pistols at the same target. The State chose to make this comparison in order to prove that the vehicle was a dangerous weapon. Guns are defined by our statutes as dangerous or deadly weapons and are universally considered to be inherently dangerous. SDCL 22-1-2(10). And, Kvasnicka, though she admitted some of the charges, strongly contested the manslaughter charges and denied that she used her vehicle as a dangerous weapon. It was for the jury to decide the issue.
[¶35.] The effect of the comparison testimony on the jury in determining Kvasnicka’s guilt was compounded by the fact that the kinetic energy calculation and pistol comparison testimony were presented by an expert, and expert testimony is recognized as having the “aura of reliability and trustworthiness [that] surround[s] scientific evidence.” State v. Werner, 482 N.W.2d 286, 291-92 (S.D.1992). By allowing an expert to portray Kvasnicka’s use of her vehicle, which is not inherently dangerous, in the same way as nine-hundred-two inherently dangerous weapons firing simultaneously, the jury was left with virtually no decision to make other than to conclude that Kvasnicka used her vehicle as a dangerous weapon.
[¶ 36.] Finally, there was more than one reference to the pistol comparison testimony during the trial. The comparison testimony was before the jury twice — once during the testimony of Officer Crozier, the only expert to testify in this case, and then again by the State during its closing argument.
[¶ 37.] The trial court abused its discretion when it concluded that Officer Crozier’s testimony was relevant. The erroneous admission of Officer Crozier’s kinetic energy calculation and the pistol comparison testimony affected the jury in that the jury probably would have returned a different verdict had Officer Crozier’s testimony not been admitted. We reverse and remand for a new trial.
CONCLUSION
[¶ 38.] The jury did not convict Kvasn-icka on the counts containing the language “while engaged in the commission of a felony.” Therefore Kvasnicka’s argument that she was prejudiced is moot. Additionally, the trial court abused its discretion when it concluded that Officer Crozier’s testimony was relevant. We therefore *132 reverse and remand for a new trial consistent with this opinion.
[¶ 89.] KONENKAMPand SEVERSON, Justices, concur.
[¶ 40.] GILBERTSON, Chief Justice, and ZINTER, Justice, concur in part and dissent in part.

. Officer Crozier testified that he had been provided information about the collision. He testified that he was unable to perform an accident reconstruction to determine the speed of Kvasnicka's vehicle because of the angle of the impact of the collision.

. At time of trial, Officer Crozier, who had been a police officer since 1988, began to take courses in accident reconstruction in 2002. Officer Crozier had continued to take classes for accident reconstruction until a week prior to trial. He also taught accident reconstruction at the police academy in Pierre and at Southeast Technical Institute. Additionally, Officer Crozier testified that in making his kinetic energy calculations, he utilized formulas that are “very well recognized throughout the accident reconstruction community.” These kinetic energy formulas were contained within an equation manual from the Institute of Police Technology and Management at the University of North Florida, which Officer Crozier brought with him to the witness stand.

.Officer Crozier's testimony to the jury did not include the kinetic energy calculations of the 40-yard dash by Jerry Rice or the crossbow.

. The vehicular homicide charge was to run consecutive to count six, one of the felony DUI charges. The vehicular battery charge was to run consecutive to the vehicular homicide charge and count seven, the other felony DUI charge.

. SDCL 19-15-2 (Rule 702) provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if: (1) The testimony is based upon sufficient facts or data,
12) The testimony is the product of reliable principles and methods, and
(3) The witness has applied the principles and methods reliably to the facts of the case.
See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (providing the standards for admission of expert testimony).