#27304-a-DG

**2016 S.D. 2**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                            Plaintiff and Appellee,

    v.

TAMMY JEAN KVASNICKA,                            Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBIN J. HOUWMAN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ANN C. MEYER
Assistant Attorney General
Pierre, South Dakota                            Attorneys for plaintiff
                                                and appellee.


MICHELLE THOMAS of
Minnehaha County Public
 Defender's Office
Sioux Falls, South Dakota                       Attorneys for defendant and
                                                appellant.

* * * *

CONSIDERED ON BRIEFS ON
NOVEMBER 30, 2015
OPINION FILED **01/06/16**

#27304

GILBERTSON, Chief Justice

[¶1.]    In her second appeal to this Court,[1] Tammy Jean Kvasnicka appeals the circuit court's denial of her motion to withdraw her plea of guilty to first-degree manslaughter and vehicular battery.  According to Kvasnicka, she is unable to recall committing the crimes alleged and pleaded guilty out of fear.  We affirm.

## Facts and Procedural History

[¶2.]    At approximately 2:00 a.m. on July 10, 2010, after an evening of consuming alcohol, Kvasnicka caused a fatal automobile accident by driving her vehicle southbound in the northbound lane of Interstate 229 near Sioux Falls.  Although Kvasnicka was not seriously injured, one passenger in the car she struck died at the scene and another passenger suffered a serious injury to his arm.  The alcohol content in Kvasnicka's blood was as high as 0.225 at 3:44 a.m. and still at least 0.200 at 4:47 a.m.

[¶3.]    A jury convicted Kvasnicka of first-degree manslaughter by means of a dangerous weapon, vehicular homicide, vehicular battery, and driving under the influence.  Kvasnicka admitted to two habitual-offender informations alleging that she had been previously convicted twice for driving under the influence and once for second-degree burglary.  The circuit court sentenced Kvasnicka to 70 years in prison with 18 years suspended.  Among other things, Kvasnicka appealed the circuit court's admission of expert testimony regarding the kinetic energy of Kvasnicka's

---

1.    See *State v. Kvasnicka*, 2013 S.D. 25, 829 N.W.2d 123, for additional details of Kvasnicka's first appeal.

vehicle. After determining the challenged testimony was prejudicial and not relevant, this Court reversed and remanded for a new trial.

[¶4.]        A second trial was scheduled for August 20, 2013. However, the State and Kvasnicka entered into a plea agreement. Under the agreement, Kvasnicka pleaded guilty to one count of first-degree manslaughter and one count of vehicular battery. In exchange for her plea, the State agreed to seek a sentence of 37.5 years and restitution in the amount of $199,111. The circuit court held a plea hearing on August 15, 2013. At the hearing, the circuit court explained Kvasnicka's constitutional rights, the charges against her, and the terms of the plea agreement. The court then had the following discussion with Kvasnicka:

> [Court]: Do you understand these rights?
>
> [Kvasnicka]: Yes, Your Honor.
>
> [Court]: Do you understand that by entering a guilty plea today, you give up all of these rights?
>
> [Kvasnicka]: Yes, I do.
>
> [Court]: Is your decision to plead guilty voluntary?
>
> [Kvasnicka]: Yes, it is, Your Honor.
>
> [Court]: Is it your decision and yours alone?
>
> [Kvasnicka]: Yes.
>
> . . . .
>
> [Court]: Ms. Kvasnicka, do you have any questions about either of the charges that you would plead guilty to?
>
> [Kvasnicka]: I don't, no.
>
> [Court]: Do you have any questions at all about your rights?
>
> [Kvasnicka]: No, Your Honor.

Following this discussion, the court had the State recite the factual basis for the guilty plea, and Kvasnicka agreed with the State's rendition of the facts.

[¶5.]     On February 26, 2014—the day before the scheduled sentencing—defense counsel informed the State that Kvasnicka might want to withdraw her plea. Kvasnicka did not file a motion to withdraw her plea until June 12, 2014. The court held a hearing on the motion on August 13, 2014. At the hearing, the State indicated it was unable to locate a witness, Christopher Jones, whom the State expected to testify that Kvasnicka used her automobile as a dangerous weapon on July 10, 2010, by driving the wrong way on the interstate at 80 miles per hour and that she did not attempt to avoid colliding with the other vehicle. Jones did not testify during the first trial because the State had lost contact with him prior to trial. However, subsequent to our decision in Kvasnicka's first appeal, the State located and subpoenaed Jones in order to secure his testimony during the anticipated second trial. After Kvasnicka pleaded guilty, the State informed Jones that his testimony was no longer needed. By the time Kvasnicka sought to withdraw her plea, Jones had changed addresses and phone numbers, and the State was once again unable to locate him.

[¶6.]     Kvasnicka appeals, raising one issue: Whether the circuit court abused its discretion by denying her motion to withdraw her guilty plea.

## Standard of Review

[¶7.]     "The decision to allow a defendant to withdraw a guilty plea is a matter solely within the discretion of the trial court and is reviewed under an abuse of discretion standard." *State v. Pentecost*, 2015 S.D. 71, ¶ 9, 868 N.W.2d 590, 593 (quoting *State v. Goodwin*, 2004 S.D. 75, ¶ 4, 681 N.W.2d 847, 849). "An abuse of discretion 'is a fundamental error of judgment, a choice outside the range of

permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable.'" *Gartner v. Temple*, 2014 S.D. 74, ¶ 7, 855 N.W.2d 846, 850 (quoting *Arneson v. Arneson*, 2003 S.D. 125, ¶ 14, 670 N.W.2d 904, 910).

## Analysis and Decision

[¶8.]    SDCL 23A-27-11 permits a defendant who has pleaded guilty to make a "motion to withdraw a plea of guilty . . . before sentence is imposed or imposition of sentence is suspended[.]"  The grant or denial of a motion to withdraw a guilty plea is within the discretion of the circuit court.  *State v. Schmidt*, 2012 S.D. 77, ¶ 15, 825 N.W.2d 889, 894.  Although "a court should exercise its discretion liberally in favor of withdrawal[,]" *State v. Olson*, 2012 S.D. 55, ¶ 18, 816 N.W.2d 830, 836, a defendant does not have "an automatic right to withdraw a guilty plea[,]" *id.* (quoting *State v. Thielsen*, 2004 S.D. 17, ¶ 15, 675 N.W.2d 429, 433); *United States v. Heid*, 651 F.3d 850, 853 (8th Cir. 2011).  After a defendant pleads guilty pursuant to a plea agreement, she "may not withdraw [her] plea unless [she] shows a 'fair and just reason'" for doing so.  *United States v. Hyde*, 520 U.S. 670, 671, 117 S. Ct. 1630, 1631, 137 L. Ed. 2d 935 (1997); *Schmidt*, 2012 S.D. 77, ¶ 16, 825 N.W.2d at 894.[2]

---

2.    In addition to the phrase *fair and just reason*, we have previously used the phrase *tenable reason* in reference to a defendant's burden in a request to withdraw a guilty plea.  *See State v. Engelmann*, 541 N.W.2d 96, 100 (S.D. 1995) ("[The defendant] need only state a tenable reason why withdrawal should be permitted, a reason based on more than a mere wish to have a trial.").  As used in our prior cases, there is no material distinction between these phrases.  *Engelmann* cited *State v. Grosh*, 387 N.W.2d 503, 506 (S.D. 1986), as authority.  In *Grosh*, we said that "the defendant must state a *persuasive* reason why withdrawal should be permitted[.]"  387 N.W.2d at 506 (emphasis added).  We also cited a portion of *United States v. Barker*, 514 F.2d 208 (D.C. Cir. 1975), directly discussing the fair-and-just-reason standard.  *Grosh*, 387 N.W.2d at 506 (citing *Barker*, 514 F.2d at 220).  More

(continued . . .)

[¶9.] In determining whether a defendant has stated a fair and just reason for withdrawing a guilty plea, this Court and other jurisdictions have considered a number of factors including: whether the defendant knowingly and voluntarily pleaded guilty; *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003); *State v. Grosh*, 387 N.W.2d 503, 506 (S.D. 1986); whether the defendant asserts she is innocent; *Heid*, 651 F.3d at 853-54; *Grosh*, 387 N.W.2d at 506; delay between the defendant's plea and request for withdrawal of the plea; *Heid*, 651 F.3d at 854; whether the defendant received competent assistance of counsel in making the decision to plead guilty; *Bowman*, 348 F.3d at 414; whether withdrawing the plea will prejudice the prosecution of the defendant; *Heid*, 651 F.3d at 854; *Schmidt*, 2012 S.D. 77, ¶ 23, 825 N.W.2d at 896; and whether withdrawing the plea will waste judicial resources; *Bowman*, 348 F.3d at 414. However, this is hardly a checklist. The ultimate determination of whether a defendant has presented a fair and just reason to withdraw a guilty plea is left to the sound discretion of the trial

---

(. . . continued)

recently, in *Schmidt*, we equated these phrases. 2012 S.D. 77, ¶ 16, 825 N.W.2d at 894 ("A request to withdraw a guilty plea is frivolous if a defendant fails to provide 'a tenable reason why withdrawal should be permitted, a reason' the court deems fair and just." (quoting *Thielsen*, 2004 S.D. 17, ¶ 15, 675 N.W.2d at 433) (citing *Everett v. United States*, 336 F.2d 979, 982 (D.C. Cir. 1964))). We also directly quoted *Everett*: "A defendant who stands before a court freely admitting his crime does not remotely meet the standard of offering a 'fair and just reason' for withdrawing his plea of guilty prior to sentence." *Id.* (quoting *Everett*, 336 F.2d at 984). More importantly, as detailed in the remainder of this paragraph, the factors we typically consider in reviewing a withdrawal-of-guilty-plea case parallel those considered by federal courts. Therefore, in our cases, the phrase *tenable reason* refers to the federal, fair-and-just-reason standard.

court; we will set aside such a determination only when it constitutes an abuse of discretion. *Pentecost*, 2015 S.D. 71, ¶ 9, 868 N.W.2d at 593.

[¶10.]    Kvasnicka does not dispute that her plea was voluntary or that she understood her constitutional rights at the time she pleaded guilty. Instead, she asserts the circuit court abused its discretion by denying her motion to withdraw her guilty plea because her "decision to plead guilty stemmed from her own fear of going forward to a jury trial" and because "she had no recollection as to how she was handling the vehicle she was driving on the night of July 10, 2010." Under the circumstances of this case, Kvasnicka has not presented a fair and just reason for withdrawing her plea.

[¶11.]    Kvasnicka's assertion that she should have been allowed to withdraw her guilty plea because she was unable to recall the events of July 10, 2010, is meritless. At the August 15, 2013 plea hearing, the court asked the State to recite the factual basis for Kvasnicka's plea. Among other things, the State said:

> Your Honor, on July 10, 2010, shortly before 2 o'clock in the morning, the defendant Tammy Kvasnicka was operating a 2001 Dodge Intrepid automobile. She had entered Interstate 229 through the Minnesota Avenue exit ramp and travelled southbound on a northbound lane of Interstate 229. Shortly after Minnesota Avenue and before Western Avenue, she struck a vehicle being driven by Corbin Burwell causing a nearly head-on collision. That collision caused the vehicle driven by Mr. Burwell to go into the median of Interstate 229. . . .
>
> Trooper Robert Meyer was the first one on scene of the defendant's vehicle where he observed her climbing out of the passenger-side window of that vehicle and noticed her to be under the influence of an alcoholic beverage. She was subsequently arrested for the charges and a blood sample was taken an hour and some minutes after the crash returned a .219 and a second blood sample taken roughly one hour later returned a .200.

After the State concluded its recitation of the facts, the court had the following discussion with Kvasnicka:

> [Court]: Ms. Kvasnicka, do you generally agree with what [the State] said occurred in the early morning hours of July 10th of 2010?
>
> [Kvasnicka]: Yes, Your Honor, I do.
>
> [Court]: Is there anything that [the State has] said happened those early morning hours that you do not agree with?
>
> [Kvasnicka]: No.
>
> [Court]: . . . Do you admit that on July 10, 2010, you were driving a vehicle here in Minnehaha County?
>
> [Kvasnicka]: Yes, I do.
>
> [Court]: And do you admit that at the time you were driving that vehicle, without design or an intention to effect the death of, but through use of a dangerous weapon, that you killed a human being namely Michael Xayavong?
>
> [Kvasnicka]: Yes, I do.
>
> [Court]: Do you also admit that at the time that incident occurred, that you were under the influence of an alcoholic beverage?
>
> [Kvasnicka]: Yes, I was.
>
> [Court]: And do you also admit that at the time you were driving your vehicle in a negligent manner and caused serious bodily injury to Tony Chounramany?
>
> [Kvasnicka]: Yes, I did.

Despite the foregoing, Kvasnicka now claims that she could not remember the details of July 10, 2010, even while she was representing to the court that she did remember the same. In essence, then, Kvasnicka asserts that lying to a court constitutes a fair and just reason for later withdrawing a guilty plea.

[¶12.]     The United States Court of Appeals for the District of Columbia Circuit decided a similar case in *United States v. Shah*, 453 F.3d 520 (D.C. Cir. 2006). Shah pleaded guilty to charges of importing heroin, conspiring to possess

heroin with the intent to distribute, and conspiring to distribute heroin. *Id.* at 521. Before sentencing, Shah sought to withdraw his plea, but the district court denied the motion. *Id.* On appeal, Shah did not dispute that the plea proceedings fully complied with required procedures. *Id.* at 522. Instead, Shah "asserted that the plea agreement 'improperly inflated and enhanced [his] role' in the conspiracy and that 'there was little or no factual basis in the government's proffer.'" *Id.* The court of appeals concluded that "Shah's argument . . . amounts to a claim that the defect in the taking of his plea consisted of his committing perjury when, under oath, he acknowledged the truth of the factual recitals in the plea agreement and in the government's proffer." *Id.* at 523. Thus, when faced with the same argument that Kvasnicka now offers to this Court, the court of appeals held, "Lying to a court is not a 'fair and just reason' for allowing a plea to be withdrawn." *Id.* (citation omitted); *see also United States v. Vargas–Gutierrez*, 464 F. App'x 492, 496 (6th Cir. 2012); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005).

[¶13.] We agree with *Shah*. "[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *Peterson*, 414 F.3d at 827. Here, Kvasnicka has offered no such explanation.[3] Although Kvasnicka claims her decision to plead guilty was motivated by fear, she does not clearly express what she was afraid of. When asked during the August 13, 2014

---

3.   It is unclear whether Kvasnicka was under oath at the August 15, 2013 hearing when she pleaded guilty. Even if not technically perjury, however, lying to a court is lying to a court. Speaking falsely while not under oath does not make that falsehood any more fair and just than a falsehood uttered under oath.

hearing to explain her decision to plead guilty, the following conversation occurred

between Kvasnicka and her attorney:

> [Defense Counsel]: . . . [W]hat thought had you given [the plea agreement] in those several days leading up to the guilty plea?
>
> [Kvasnicka]: Fear. There was really no thought.
>
> [Defense Counsel]: When you say fear, can you—
>
> [Kvasnicka]: I based it out of my own fear versus the facts. I went and looked back at the trial, the first trial with the Supreme Court when we won the appeal and I almost wondered what was the point of all of that if I was going to go in and plead guilty to something that I have no recollection of, but based out of everything that was said, well, I guess you pretty much have to go through with it, and so fear overrode facts pretty much with me.
>
> . . . .
>
> . . . I heavily did not take anything into consideration except for just not wanting to drag everyone through trial again, but why didn't I take that opportunity if the Supreme Court gave it to me.

Kvasnicka's brief to this Court similarly states: "Having previously sat through a

jury trial on the same case, [her] biggest concern was avoiding having to drag

everyone through a trial once again, not whether or not she was actually guilty of

Manslaughter in the 1st Degree." Therefore, we are left to conclude that the fear to

which Kvasnicka refers is simply the fear of going to trial a second time.

[¶14.] There are several problems with Kvasnicka's argument. First,

Kvasnicka already appealed the outcome of her first trial. Among other things, she

sought reversal because of the admission of expert testimony that she alleged was

inadmissible. Kvasnicka succeeded in convincing this Court that a new trial was

necessary, and she can hardly now claim to be afraid of the result of that success—a

new trial. Second, Kvasnicka does not dispute that her plea was voluntary in the

constitutional sense; therefore, the degree of fear under consideration here necessarily was not so great as to deprive Kvasnicka of a meaningful decision.[4] Consequently, her argument must be taken to mean that even if a defendant voluntarily and knowingly pleads guilty, that decision nevertheless provides a fair and just reason for withdrawal of the plea when the defendant considers her own fear of proceeding to trial in determining whether to plead guilty. Kvasnicka offers no authority to support this notion. There is little doubt that the average criminal defendant views the prospect of trial and its attendant risk of conviction with some degree of trepidation. To hold that any such defendant who pleads guilty in part to avoid the trial process and to secure a lesser sentence has a fair and just reason to withdraw her guilty plea would essentially create an automatic right to withdraw a guilty plea. Such a holding would be contrary to established precedent. *Heid*, 651 F.3d at 853; *Olson*, 2012 S.D. 55, ¶ 18, 816 N.W.2d at 836.

[¶15.] A number of additional factors support the conclusion that Kvasnicka has not stated a fair and just reason to withdraw her plea. The transcript of the plea hearing firmly establishes that the circuit court thoroughly canvassed Kvasnicka regarding her constitutional rights and the effect of her plea, and Kvasnicka does not dispute that she entered her plea knowingly and voluntarily. *See Bowman*, 348 F.3d at 414; *Grosh*, 387 N.W.2d at 506. Notably, Kvasnicka does

---

4.    It would be difficult to argue otherwise. The Supreme Court has held that even "a plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death penalty and to limit the maximum penalty to life imprisonment or a term of years was not for that reason compelled within the meaning of the Fifth Amendment." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970).

not claim to be innocent. *See Heid*, 651 F.3d at 853-54; *Grosh*, 387 N.W.2d at 506. Indeed, her assertion that she is unable to recall the events of July 10, 2010, precludes any such claim. The delay between Kvasnicka's plea on August 15, 2013, and her motion to withdraw that plea on June 12, 2014, also weighs against granting the motion.[5] *See United States v. Wynn*, 663 F.3d 847, 850 (6th Cir. 2011) (holding eight-month delay between plea and attempted withdrawal weighed "heavily" against granting the motion even though defendant claimed to have only been aware of the possibility of withdrawal for two months); *United States v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007) ("[A] five month delay is a reason not to grant . . . a motion [to withdraw a guilty plea]."); *United States v. Rosen*, 409 F.3d 535, 547 (2d Cir. 2005) (holding four-month delay weighed against granting motion to withdraw a guilty plea). Additionally, Kvasnicka benefitted from the assistance of competent counsel throughout the plea process.[6] *See Bowman*, 348 F.3d at 414; *Grosh*, 387 N.W.2d at 506.

[¶16.]     In addition to the foregoing factors, the State also asserts that granting Kvasnicka's motion to withdraw her guilty plea would have prejudiced the State's prosecution of the case. Deputy State's Attorney Ryan Sage testified during the August 13, 2014 hearing that he was unable to locate Christopher Jones, who testified before the grand jury but not at trial, after Kvasnicka sought to withdraw

---

5.  Although Kvasnicka asserts that she was initially unaware that she could attempt to withdraw her plea, the record reflects that she became aware by February 2014 at the latest.

6.  At the August 15, 2013 plea hearing, the court asked Kvasnicka if she was satisfied with the assistance she had received from her attorney. Kvasnicka replied, "Very much so."

her plea. Jones testified before the grand jury that he was travelling south on Interstate 229 in the southbound lane at approximately 65 miles per hour when he observed Kvasnicka travelling south in the northbound lane. The State expected Jones to testify during the second trial that he estimated Kvasnicka was traveling at 80 miles per hour, that she was accelerating faster than his own vehicle, and that she did not attempt to deviate from her course prior to the collision.

[¶17.]    Kvasnicka asserts the State's prosecution would not have been prejudiced because Jones did not testify during the first trial and other witnesses were available to testify regarding Kvasnicka's driving. Considering our decision in Kvasnicka's first appeal, her argument here is unavailing. In her first appeal, this Court held that the State's expert witness's testimony regarding the kinetic energy of Kvasnicka's vehicle was not relevant, in part, because the expert witness did not know or base his calculations on the actual speed of Kvasnicka's vehicle. *State v. Kvasnicka*, 2013 S.D. 25, ¶¶ 32-33, 829 N.W.2d 123, 131. This Court further held that the circuit court's admission of this evidence prejudiced Kvasnicka—i.e., that without such evidence, the jury would have likely acquitted Kvasnicka of the charge. *Id.* ¶ 33, 829 N.W.2d at 131. The implication of that holding is that on retrial, the absence of the excluded evidence would likely result in Kvasnicka's acquittal. Although other individuals witnessed the accident, Kvasnicka has not directed our attention to any other witness capable of offering testimony establishing the speed and acceleration of her vehicle prior to the collision. Therefore, it appears that only Jones's testimony is capable of filling the void in vital evidence that resulted from Kvasnicka's successful first appeal. Because the

State's prosecution of Kvasnicka would be prejudiced if she were allowed to withdraw her guilty plea, this factor also weighs against concluding that she has stated a fair and just reason for withdrawing her plea. *See Heid*, 651 F.3d at 854; *Schmidt*, 2012 S.D. 77, ¶ 23, 825 N.W.2d at 896.

## Conclusion

[¶18.]     Lying to a plea-taking court does not support a fair and just reason for later withdrawing a guilty plea, and Kvasnicka's fear in proceeding to trial—a fear that was not so great as to make her plea involuntary—is not a compelling reason sufficient to justify such falsehood. Even if it did, Kvasnicka does not assert that her plea was not knowing and voluntary, she does not claim to be innocent, she waited at least four months and as many as ten months to attempt to withdraw her plea, the State's prosecution would be prejudiced if she were allowed to withdraw her plea, and she entered her plea with the guidance of competent counsel. Under these facts, we cannot conclude that the circuit court abused its discretion by denying Kvasnicka's motion to withdraw her guilty plea. Therefore, we affirm.

[¶19.]     ZINTER, SEVERSON, WILBUR, and KERN, Justices, concur.