#30106-a-SPM
**2024 S.D. 17**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

   v.

PAUL HAROLD TRUEBLOOD,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOSHUA K. HENDRICKSON
Judge

* * * *

TIMOTHY J. RENSCH of
Rensch Law Office
Rapid City, South Dakota                    Attorneys for defendant
                                            and appellant.


MARTY J. JACKLEY
Attorney General

JACOB R. DEMPSEY
Assistant Attorney General
Pierre, South Dakota                        Attorneys for plaintiff
                                            and appellee.

* * * *

CONSIDERED ON BRIEFS
AUGUST 29, 2023
OPINION FILED **04/03/24**

MYREN, Justice

[¶1.]     Under a plea agreement, Paul Trueblood pled guilty to second-degree rape.  He subsequently filed a motion to withdraw his guilty plea.  The circuit court denied the motion, and Trueblood appealed.  We affirm.

### Factual and Procedural History

[¶2.]     On May 27, 2021, Paul Trueblood and D.B.L. had a sexual encounter. As a result of this incident, the State filed a Complaint on May 28, 2021, charging Trueblood with aggravated assault (SDCL 22-18-1.1(8)), alternative counts of simple assault on a law enforcement officer (SDCL 22-18-1(1) and (4), and SDCL 22-18-1.05)), false personation (SDCL 22-40-1), and obstructing a public officer (SDCL 22-11-6).

[¶3.]     On June 9, 2021, a Pennington County grand jury indicted Trueblood for the same charges in the Complaint.  The State filed a part II information alleging Trueblood had two prior felony convictions.  In a superseding indictment, a grand jury, after considering the testimony of D.B.L., added a count of second-degree rape (SDCL 22-22-1(2)).  The State filed an amended part II information to reflect its intention to seek enhancement of the additional rape count.

[¶4.]     The case proceeded to trial on January 18 and 19, 2022.  D.B.L. was scheduled to testify, but she contracted COVID-19.  As a result, the circuit court declared a mistrial.

[¶5.]     Before retrying the case, the State presented additional evidence to a grand jury, which delivered a second superseding indictment adding charges against Trueblood for alternative counts of aiding and abetting witness tampering

-1-

(SDCL 22-11-19 (1) and (4)), and solicitation of witness tampering (SDCL 22-4A-1 and SDCL 22-11-19). These charges were based on allegations that Trueblood arranged to have D.B.L. attacked to prevent her from testifying. The State filed a third amended part II information to reflect the new charges and its intention to seek enhancements to them.

[¶6.] On the morning of the scheduled second trial, Trueblood pled guilty to second-degree rape under a plea agreement with the State. In return, the State dismissed all other charges and agreed not to pursue the allegations in the part II information. Trueblood signed and submitted a factual basis statement to support the guilty plea which provided:

> On or about May 27, 2021, I did commit the public offense of 2nd Degree Rape, in that I did accomplish an act of sexual penetration against [D.B.L.] through the use of force or coercion against her, accompanied by apparent power of execution. On this date in question, I met [D.B.L.] in downtown Rapid City, where we conversed and ultimately walked up to her father's motel room at the Dakota Rose. At some point we were left alone in the room, and started to have what I believed to have been, consensual sex. *However, at some point in time, it became apparent that [D.B.L.] was no longer consenting to the sexual act, and I did not immediately stop.* For a brief period of time, but for more than a fleeting moment, I continued to force myself on her before I did ultimately withdraw and attempt to console [D.B.L.]. [D.B.L.] became enraged and quite vocal at this time, at which time law enforcement arrived on scene.

(Emphasis added.) In an extended exchange with Trueblood, the circuit court ensured that Trueblood's plea was knowing and voluntary. The circuit court relied on Trueblood's signed factual basis statement and the grand jury transcript to find a factual basis for Trueblood's guilty plea.

[¶7.]		On June 1 and 23, 2022, Trueblood wrote letters to the circuit court requesting a change in counsel. On June 27, 2022, at the start of the hearing set for Trueblood's sentencing, the court addressed Trueblood's written requests for a change of counsel. Trueblood's trial counsel told the court that "two or three weeks" earlier, Trueblood had expressed "an interest in withdrawing his plea." Still, counsel believed Trueblood had decided against pursuing the motion. Trueblood told the circuit court he would like new counsel and wanted to move to withdraw his guilty plea. The court denied Trueblood's request for new counsel but continued the matter so that he and his counsel could submit a motion to withdraw his plea.

[¶8.]		In his motion to withdraw his plea, Trueblood asserted his innocence. However, he continued to acknowledge that when D.B.L. "was no longer consenting to the sexual act, . . . [he] accordingly withdrew from the act, *but did not immediately do so*." The circuit court denied the motion to withdraw the plea in a written order that included a detailed reasoning based on the factors set out in *State v. Kvasnicka*, 2016 S.D. 2, 873 N.W.2d 705. The circuit court noted that Trueblood did "not argue that his plea was not made knowingly and voluntarily." The circuit court also noted that after filing his motion to withdraw his plea, Trueblood submitted an additional letter stating, "I am ashamed to say that I did not stop right away when [D.B.L.] did ask me to stop." The circuit court observed that Trueblood's position regarding his conduct had not changed from the time of his plea, and "[t]here has been no new information brought to light between the time of the plea and the motion to withdraw the plea." The circuit court also addressed Trueblood's argument that he only entered the plea agreement out of fear

that the new witness tampering charges would prejudice him before the jury. The circuit court found that any fear Trueblood felt "hardly appears to be the only factor" considered when he entered the guilty plea. The circuit court found that Trueblood's plea was entered knowingly and voluntarily and denied his motion to withdraw the plea because Trueblood had not established any "fair and just reason" for the withdrawal. Trueblood contends the circuit court abused its discretion by denying his motion to withdraw his guilty plea.

## Analysis

[¶9.] SDCL 23A-27-11* allows a defendant to move to withdraw a guilty plea. The factors the trial court should consider are also well settled:

> When a defendant moves to withdraw a guilty plea prior to imposition of sentence, the trial judge's discretion in the matter should be exercised liberally in favor of withdrawal, unless it appears that the state has detrimentally relied upon the plea and the prosecution of the defendant has been thereby prejudiced. "When deciding whether to allow a criminal defendant to withdraw his plea, the trial court must look at the reasons why the plea is sought to be withdrawn and if the request to withdraw is obviously frivolous, the trial court need not grant it."

*State v. Bailey*, 1996 S.D. 45, ¶ 12, 546 N.W.2d 387, 391 (citation omitted) (quoting *State v. Wahle*, 521 N.W.2d 134, 137 (S.D. 1994)). A defendant's "reason [to

---

\* SDCL 23A-27-11 provides:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice a court after sentence may set aside a judgment of conviction and permit the defendant to withdraw his plea.

withdraw a guilty plea] must show more than the mere desire to have a trial." *Id.*, ¶ 13, 546 N.W.2d at 391 (citing *State v. Grosh*, 387 N.W.2d 503, 506 (S.D. 1986)).

[¶10.]	"After a defendant pleads guilty pursuant to a plea agreement, she 'may not withdraw [her] plea unless [she] shows a "fair and just reason"' for doing so." *State v. Kvasnicka*, ¶ 8, 873 N.W2d 705, 708 (alterations in original) (quoting *United States v. Hyde*, 520 U.S. 670, 671, 117 S. Ct. 1630, 1631, 137 L. Ed. 935 (1997)).  Whether a defendant's reasons are "fair and just" is determined by several considerations:

> whether the defendant knowingly and voluntarily pleaded guilty; whether the defendant asserts [he] is innocent; delay between the defendant's plea and request for withdrawal of the plea; whether the defendant received competent assistance of counsel in making the decision to plead guilty; whether withdrawing the plea will prejudice the prosecution of the defendant; and whether withdrawing the plea will waste judicial resources[.]
>
> As we stated in *Kvasnicka*, "this is hardly a checklist."  Indeed, because a defendant no longer enjoys the presumption of innocence after pleading guilty, the defendant bears the burden of production and persuasion.  Moreover, "[t]he ultimate determination of whether a defendant has presented a fair and just reason to withdraw a guilty plea is left to the sound discretion of the trial court; we will set aside such a determination only when it constitutes an abuse of discretion."

*State v. Ceplecha*, 2020 S.D. 11, ¶¶ 40–41, 940 N.W.2d 682, 694 (alterations in original) (citations omitted) (quoting *Kvasnicka*, ¶ 9, 873 N.W2d at 709).

[¶11.]	Trueblood contends the circuit court abused its discretion by denying his motion to withdraw his guilty plea because of his "lack of communication with his [trial] lawyer[.]"  When he requested his change of counsel, Trueblood told the court that he had no contact with his counsel since the entry of his guilty plea.

However, Trueblood did not raise any concerns about the adequacy of his counsel's representation during the plea hearing. The court denied the request for replacement counsel, and Trueblood does not challenge that decision on appeal.

[¶12.] Trueblood asserts that he "received advice to forsake his constitutional rights in favor of taking the plea agreement." That is the nature of a plea agreement; a defendant forgoes his right to trial in return for the benefits offered in return for that plea. Counsel provides the defendant with advice about a plea agreement. However, the final decision to plead guilty is the defendant's choice alone. Trueblood acknowledged receiving advice from his counsel regarding the plea agreement. He did not contend that the advice was erroneous.

[¶13.] Trueblood also asserts the denial of the motion to withdraw his plea was an abuse of discretion because he took the plea deal for reasons "other than being guilty." "Courts have permitted the withdrawal of a defendant's guilty plea where there is no factual basis in the record to support it. However, self-serving testimony concerning a defendant's innocence by the defendant has not been found to provide a basis for permitting the withdrawal of a guilty plea." *Bailey*, 1996 S.D. 45, ¶ 25, 546 N.W.2d at 393 (citation omitted) (citing *United States v. Smith*, 818 F. Supp. 123, 127 (W.D. Pa. 1993), *aff'd*, 14 F.3d 50 (3d Cir. 1993)). Trueblood's written factual basis acknowledged the facts that support the guilty plea—i.e., he did not immediately stop sexual intercourse with D.B.L. after she withdrew her consent. His submissions to the circuit court continued to acknowledge the same fact. Given Trueblood's continued admission to facts sufficient for second-degree

rape, the circuit court correctly noted that Trueblood's motion was not premised on a claim of actual innocence.

[¶14.] Trueblood also contends that the circuit court abused its discretion by denying his motion to withdraw his guilty plea because he entered the plea due "to feelings of fear and concern that the new Tampering charges severely prejudiced the strength of his defense concerning the underlying Rape and Assault charges." Fear of the possible ramifications of a trial is not a sufficient reason to withdraw a guilty plea. *See Ceplecha*, 2020 S.D. 11, ¶ 51, 940 N.W.2d at 696 ("the fear of receiving a life sentence is not a 'fair and just' reason for withdrawing a plea"). Trueblood was concerned that the new witness tampering charges might make him look bad before a jury. This is a reasonable assessment that supports the logic of his decision to accept the plea-bargain rather than providing a "fair and just reason" to allow him to withdraw his guilty plea.

[¶15.] In his appellate briefing, Trueblood appears to argue that he did not voluntarily stipulate to the factual basis: "In Trueblood's statement of factual basis *that he was compelled to set forth as part of the plea deal*, he was required to admit having continued the sexual act after DBL had withdrawn her consent." To ensure that Trueblood's plea was not the result of impermissible compulsion, the circuit court canvassed Trueblood about his understanding of the plea agreement and whether he was entering the agreement voluntarily. Trueblood raised no concerns about being inappropriately compelled to enter his plea or to acknowledge a sufficient factual basis. The circuit court accepted the plea after finding it was given knowingly and voluntarily. "When assessing voluntariness, we do not

consider a defendant's after-the-fact regret about his decision to plead guilty. Rather, we review the defendant's competency to waive his constitutional rights and his appreciation of the consequences of pleading guilty at the time of the plea." *Ceplecha*, 2020 S.D. 11, ¶ 51, 940 N.W.2d at 696.

> "A plea is intelligent and voluntary when the accused has a full understanding of his constitutional rights and, having that understanding, waives those rights by a plea of guilty." In order for a plea to be voluntary, a defendant must "be advised of his rights relating to self-incrimination, trial by jury, and confrontation[.]" After this advisement, the defendant must "intentionally relinquish or abandon [those] known rights." If the record demonstrates "that the defendant understood his rights" and the consequences of his guilty plea, we will find that the defendant's plea was "entered intelligently and voluntarily." Because the record "must affirmatively show the plea was voluntary[,]" we review the circumstances of each plea in its entirety to determine whether they each "understood the consequences of pleading guilty[.]"

*Id.* ¶ 45, 940 N.W.2d at 695 (alterations in original) (citations omitted) (quoting *Monette v. Weber*, 2009 S.D. 77, ¶ 10, 771 N.W.2d 920, 925). The record here demonstrates that at the change of plea hearing, Trueblood affirmed to the circuit court that he voluntarily and knowingly entered the plea agreement without coercion and with a complete understanding of its ramifications and the rights he would be waiving. The circuit court did not abuse its discretion by denying Trueblood's motion to withdraw his guilty plea. We affirm.

[¶16.] JENSEN, Chief Justice, and KERN, SALTER and DEVANEY, Justices, concur.